JOHN TRIMMER *v.* EDWARD D. LARRISON.

CERTIORARI.

A deposition regularly taken in a former cause between the same parties is not, of itself, evidence in a subsequent cause between the same parties.

This was a certiorari brought to reverse the judgment of a justice. Upon the return of the certiorari, a rule was taken upon the justice to certify " whether the deposition of Robert Larrison, offered in evidence before him by the plaintiff below, had been taken in this cause or some other, and what cause." In return to this rule the justice certified, " that the deposition of Robert Larrison, offered in evidence by the plaintiff below, on the trial before him, was not taken in this cause, but in another between the same parties before then depending before William Delliker, Esq."

For the reason disclosed in the return of the justice to the above rule, *Miller* moved to reverse the judgment.

*Per curiam.* Take a reversal.*

---

*There was nothing in the record or proceedings of the justice in this case, to shew, either that the witness whose deposition was read, was sick at the time of trial, and unable to attend, or had died since the taking of the deposition. How far the proof of these facts might vary the decision of the cause, is a question worthy of consideration. The evidence which a witness gave on a former trial between the same parties, has, after his death been read in a civil action, a foundation being laid for it, by the production of the postea *Coker & Farewell,* 2 *P. W.* 563. But this is not allowed in a criminal prosecution. *Sir John Fenwick's* case, 4 *St. Trials,* 265; *Peake Evid.* 62.